IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL L. TAYLOR and ROBERT G. LUSTYIK, Jr.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR DE NOVO REVIEW OF ORDER OF RELEASE AND REQUEST FOR STAY<br><br><br>Case No. 2:12-CR-602 TS |

This matter is before the Court on the government's Emergency Motion for De Novo Review of Order of Release and Request for Stay. The government seeks review of an order of release issued by the Magistrate Judge as to Defendant Lustyik and to stay the Magistrate Judge's order of release until this Motion is resolved. The Court heard argument on the Motion on October 3, 2012. For the reasons stated at the hearing, and more fully discussed below, the Court will deny the government's Motion and will permit Defendant Lustyik to remain on pretrial release pending trial.

1

## I. BACKGROUND

An Amended Criminal Complaint was signed by the Magistrate Judge on September 28, 2012.[1] The Amended Criminal Complaint alleges that Defendant Lustyik, along with his co-defendant Michael L. Taylor, conspired to impede an investigation of the FBI and to obstruct justice.

On the date the Amended Complaint was issued, an arrest warrant was issued for Defendant Lustyik. Defendant Lustyik was arrested in New York and brought before a Magistrate Judge in the Southern District of New York. The Magistrate Judge ordered Defendant to be released under strict conditions.[2] The Magistrate Judge also ordered that Defendant travel to Utah to surrender himself.

Defendant Lustyik appeared in the District of Utah for an initial appearance on October 3, 2012. The government now seeks review of the Magistrate Judge's order of release.

## II. LEGAL STANDARD

The government's Motion is brought pursuant to 18 U.S.C. § 3145(a)(1). 18 U.S.C. § 3145(a)(1) provides: "If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." As this Court is the Court

---

[1] Docket No. 1-1.

[2] *Id*. at 1-3.

that issued the Amended Complaint, it is this Court that has original jurisdiction over the offense and the Motion is properly brought here.[3]

The Court conducts its own de novo review of the detention issue giving no deference to the Magistrate Judge's findings or conclusions.[4] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[5]

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions unless the Court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.[6]

Pursuant to 18 U.S.C. § 3142(f)(2)(B), the Court must "hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community" upon a motion from the government in a case that involves "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or

---

[3]*See United States v. Cisneros*, 328 F.3d 610, 615-16 (10th Cir. 2003).

[4]DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also Cisneros*, 328 F.3d at 616 n.1 (holding that district court's review under subsection (a) of § 3145 is de novo).

[5]*Lutz*, 207 F. Supp. 2d at 1251.

[6]18 U.S.C. § 3142(b),(c), and (e).

intimidate, a prospective witness or juror."[7] The government must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence.[8]

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court considers the following factors:

> (1) the nature and circumstances of the offense charged . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> 	(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> 	(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[9]

### III. DISCUSSION

Based on the evidence presented at the hearing, and considering the above-listed factors, the Court finds that the government has failed to meet its burden to show that Defendant Lustyik poses a risk of flight or that he is dangerous to any other person or to the community. Further,

---

[7] 18 U.S.C. § 3142(f)(2)(B).

[8] *Cisneros*, 328 F.3d at 616.

[9] 18 U.S.C. § 3142(g).

the Court finds that there are conditions of release that will reasonably assure Defendant's appearance as required and the safety of any other person and the community.

Considering the nature and circumstances of the offense charged, the Court notes that the allegations contained in the Amended Complaint are serious. Mr. Lustyik, a 24-year veteran of the FBI, is accused of taking various actions to obstruct and impede a federal investigation. The gravity of such allegations cannot be overstated. But, at this point, these allegations remain just that: allegations.

The Court finds that the weight of the evidence is unclear at this point. While the government has presented a compelling case, Defendant's counsel rebutted many of the allegations lodged against Defendant. Thus, this is an issue best left for trial.

The history and characteristics of Defendant Lustyik cut both ways. On the one hand, Defendant is a now-retired veteran of the FBI. Generally, such credentials would merit serious weight. However, the allegations contained in the Amended Complaint cast a shadow over Defendant's service. At the hearing, Defendant's counsel represented, and the government did not contest, that Defendant was a long-time resident of the same area, that he was respected in the community, and that he even coached little league football and baseball. These facts are supported by the information contained in the Pretrial Services Report. There is no evidence of prior drug or alcohol use, the majority of Defendant's financial resources are tied up in this case, and Defendant has appeared at all of his court proceedings, including quickly traveling from New York to Utah to appear before this Court.

Finally, the Court must consider the nature and seriousness of the danger to any person or the community that would be posed by the person's release. The government strenuously argues that, due to the nature of the crimes alleged and Defendant's other actions, there is a serious risk that Defendant will obstruct or attempt to obstruct justice. While the Court is concerned with the allegations, Defendant has proffered conflicting evidence concerning them. Further, the Court believes that any risk Defendant poses can be managed with the proper conditions of release.

Considering all of the above, the Court will order that Defendant be released under the conditions set forth below.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Emergency Motion for De Novo Review of Order of Release and Request for Stay (Docket No. 1) is DENIED. It is further

ORDERED that Defendant be released pending resolution of this matter, under the following conditions:

1. The defendant must abide by all conditions previously ordered by Magistrate Judge Mass.  Specifically, Defendant must post a $2 million bond.  Defendant may travel only between New York and Utah.  Defendant must surrender all travel documents and may make no new applications for travel documents.  Defendant shall submit to drug testing until Pretrial Services obtains permission to lift this restriction.  Defendant is subject to home detention with electronic monitoring.
2. The defendant must not violate federal, state, or local law while on release.

3. The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

4. The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

5. The defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.

6. The defendant must not possess a firearm, destructive device, or other weapon.

7. The defendant may not use or have access to a telephone or computer, though a telephone and/or computer may remain in his home for use by other family members. The defendant is required to make the telephone and/or computer available to pretrial services so that they may ascertain whether he has used either in violation of these conditions.

8. The defendant must have no contact with law enforcement officers outside the presence of his counsel, with the exception of Defendant's brother-in-law.

DATED October 4, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.